Daniel M. Cislo, Esq., No. 125,378
dancislo@cislo.com
Sean D. O'Brien, Esq., No. 238,418
sobrien@cislo.com
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, CA 90401-1211
T: 310.451.0647
F: 310.394.4477

Lawrence D. Graham, Esq.
graham@blacklaw.com
David A. Lowe, Esq.
lowe@blacklaw.com
Douglas A. Grady, Esq.
grady@blacklaw.com
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZONE INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMFIL TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. CV07-07578 JFW (JCx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>[Note Changes Make By Court] |

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

1

This matter having come before the Court pursuant to the agreement of the parties, and good cause being shown, the Court ORDERS that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

ORDER

### 1.    Definitions

(a)    The "Action" shall mean and refer to the above-entitled action, *OZONE INTERNATIONAL, LLC, Plaintiff, v. AMFIL TECHNOLOGIES, INC.*, Civil Action No. CV07-07578 (C.D. Calif., J. Walter) including any appeals or retrials through final judgment.

(b)    "Information" shall mean all written, recorded, electronic, or graphic matter whatsoever, whether produced in response to discovery request or to non-party subpoena, and whatever the medium on which it is produced or reproduced, including but not limited to deposition transcripts and exhibits, and any portions of any court papers that quote from or summarize any of the foregoing. "Information" shall also include all such matters disclosed in deposition testimony, answers to interrogatories and/or responses to requests for admission or any other disclosure of information.

(c)    "Party" or "parties" shall mean and refer to any party in the above-entitled Action, including all of such party's officers, directors, employees, consultants, retained experts, inside and outside counsel, as well as support staff of such.

(d)    "Producing Party" shall mean any person or entity producing or providing Information pursuant to a discovery request, subpoena or other mutually agreeable exchange of informal discovery in this Action that is designated

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

2

Confidential Information under the terms of this Order. For purposes of this Order, a Producing Party includes a party designating material containing its own Confidential Information that is in the possession of a third party.

(e)    "Receiving Party" shall mean any party receiving Information that has been designated Confidential Information under the terms of this Order.

### 2.    Categories of Confidential Information

For the purpose of this Order, there shall be two categories of Confidential Information:

(a)    CONFIDENTIAL.  Any Information may be designated by a Producing Party as "Confidential" if, in the discretion of the Producing Party, it is determined in good faith to contain information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or to involve or implicate privacy interests.

(b)    CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY.  In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to Information designated "CONFIDENTIAL."  Any Information may be designated by a Producing Party as "CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY" if, in the discretion of the Producing Party, it is determined in good faith: (1) to contain information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or to involve or implicate privacy interests; and (2) that disclosure of such information to opposing parties may be detrimental to the Producing Party's business interests.  By way of example, specific categories of Confidential Information may include: non-public customer information, non-public arrangements and agreements with clients and merchants, unreleased corporate and financial data, research and development materials concerning

unreleased products or services, current or future business plans, forecasts and strategies, trade secrets and information regarding current discussions with third parties concerning potential joint ventures or other strategic collaborations.

(c)     No designation shall be made unless the designating party or third party from whom discovery is sought believes in good faith that the designated material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and is further entitled to the specific level of protection designated and provided for herein.

### 3.     Designation of Information

(a)     Any Information deemed CONFIDENTIAL under Section 2(a) by the Producing party shall be marked by the Producing Party as CONFIDENTIAL.

(b)     Any Information deemed CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY under Section 2(b) by the Producing Party shall be marked by the Producing Party as CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY.

(c)     If only a portion or portions of the Information qualifies for protection under the standards set forth herein, the Producing Party must clearly identify the protected portion(s) as appropriate. Except as described in subsection (e) below, Information qualifying for protection under this Order must be clearly designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS  ONLY before the Information is disclosed or produced.

(d)     Marking material as set forth in subsections (a) and (b) above shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to the standards set forth in this Protective Order.

(e)     When making original documents available for inspection (as opposed to producing copies), no marking need be made by the Producing Party in advance

#35931 v

of the inspection. For purposes of the inspection, all documents produced shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY. After the Receiving Party has identified documents for copying, the Producing Party shall designate and mark as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY copies of the documents containing Confidential Information prior to producing the copies to the Receiving Party.

### 4.     Designation of Testimony

(a)     If Confidential Information is marked as a deposition exhibit, such exhibit shall retain its designated status.

(b)     During any deposition, counsel may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY. The room in which the deposition is being taken shall, at the request of counsel, be closed in accordance with the restrictions of Sections 5 and 6 *infra* only during any such portion of the deposition. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to advise or instruct the witness not to answer.

(c)     All deposition transcripts and the exhibits thereto shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS  ONLY in their entirety until fourteen (14) days after receipt of the transcript by the parties unless the parties expressly agree otherwise, subject to the right of the deponent to review, correct and sign the deposition transcript. Within fourteen (14) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting Confidential Information

and the category of confidentiality. If portions of the testimony had previously been designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY during the deposition, the party is not required to redesignate those portions of the transcript during the fourteen (14) day period unless the party wishes to change the designation.

(d)     The designating party shall ensure that the pages of the transcript designated as containing Confidential Information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting Confidential Information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Section 2(a) and 2(b). In the event the designating party is not the possessor of the original deposition transcript, then the designating party shall provide the foregoing notation to the possessor, and the possessor shall see to it that the notation is affixed to the front of the original transcript. Copies of any such notation shall be provided to all persons who have acquired a copy of the transcript. Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Section 3(a) and 3(b). To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter.

(e)     Failure to designate testimony as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS  ONLY either at a deposition or within fourteen (14) days after receipt of the transcript by the parties shall be deemed a waiver of the right to designate such testimony as Confidential Information, but shall not affect the status of any other information, whether or not closely related.

#35931 v

### 5.   CONFIDENTIAL Restrictions

Confidential Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)   The attorneys of record for any party in this Action, including the employees and associates of the party's attorneys who are involved in this Action.

(b)   Officers of the Court which term encompasses and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., deposition, court reporters and videographers) and jurors.

(c)   Deposition (subject to the provisions of Section 7(b) *infra*), trial or potential witnesses in this Action and their counsel.

(d)   Independent experts and consultants (and their employees and support staff) retained by the attorneys for any party for purposes of assisting in this Action.

(e)   The parties and agents, officers, directors, employees and representatives of a party.

(f)   Outside litigation support vendors of the parties, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

Any person other than Officers of the Court, attorneys of record for any party and outside litigation support vendors who are to be provided with Confidential Information or access thereto under the terms of this Order must first execute the Undertaking as set forth in Section 7 and appended hereto. Notwithstanding the foregoing, this section does not apply to use of Confidential

#35931 v

Information to question a witness during a deposition in the manner indicated in the Section 7(b).

### 6. CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY Restrictions

Confidential Information designated as CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)    The outside attorneys of record for any party in this Action, including the employees and associates of the party's outside attorneys who are involved in this Action.

(b)    Officers of the Court which term encompasses and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., deposition, court reporters and videographers) and jurors.

(c)    Independent experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the Receiving Party's attorneys for any party for purposes of assisting in this litigation; provided that, prior to disclosure to such expert or consultant, the Receiving Party gives the Producing Party ten (10) days' written notice, which shall include the expert's or consultant's name, employment, affiliations, and relationship to any of the parties, if any, resume (or similar description) describing prior work/employment and publications relating to the technology in dispute. If during that ten (10) day period the Producing Party objects to the disclosure to the independent expert or consultant, then no disclosure shall be made until such time as the Producing Party agrees or the Court has ruled on a motion regarding such disclosure. The objection must be in writing and state the basis or bases for the

objection to disclosure.  Within five business days, the parties shall confer in good faith to resolve any such disagreements before bringing any motion to compel disclosure. If no agreement is reached, the Producing Party may, within five (5) business days following the conference of counsel, move for an order that disclosure not be made to the identified person or persons.  Such motion shall be made in compliance with Local Rule 37-2.  The Producing Party shall set the motion to be heard for the earliest possible date available under Local Rule 37-3. If no such motion is made in such time, the Producing Party shall be deemed to have approved disclosure to the identified person or persons.  If such a motion is made, there shall be no disclosure to the identified person or persons until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

(e)     With the prior written permission of the Producing Party, officers, agents, or employees of the Receiving Party on a document-by-document basis.

(f)     Outside litigation support vendors of the parties, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

Any person other than Officers of the Court, attorneys of record for any party and outside litigation support vendors who are to be provided with or access to Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY under the terms of this Order must first execute the Undertaking as set forth in Section 7 and appended hereto. Notwithstanding the foregoing, this section does not apply to use of Confidential Information to question a witness during a deposition or hearing in the manner indicated in Section 7(b).

#35931 v

**7.      Undertaking**

(a)    Except as otherwise provided herein, no disclosure of any Confidential Information shall be made to any person entitled to access to such Information under the terms of this Order unless the person to whom disclosure is to be made has signed or accepted on the record, prior to any disclosure of Confidential Information, an Undertaking in the form attached to this Order. Counsel of record for the Receiving Party shall retain copies of all Undertakings executed pursuant to this Order.

(b)    Notwithstanding Sections 5 and 6 above, or anything else contained herein to the contrary, any witness at a deposition may be shown, or be examined on, any document containing Confidential Information, whether or not designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS, if it appears from the face of the document that the witness authored or was an actual or intended recipient of it, if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or as otherwise agreed upon in writing by the parties. This Section 7 shall not apply during any Court hearing or trial.

**8.      Submission to the Court**

(a)    Information appropriately designated under the standards set forth in this Order may be cited in discovery requests and responses in this Action, and may be used in depositions and marked as deposition exhibits in this Action, provided that the confidentiality of the documents and Information is maintained as required by this Order.

(b)    If a Party believes that specific documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY should be filed under seal if filed with the Court, that Party shall file a motion seeking the sealing of such

#35931 v

documents in manner consistent with Local Rule 79-5.1. If the Court orders that such documents be filed under seal, any pleading or other paper filed with this Court that contains such documents shall be filed under seal pursuant to this Court's Electronic Filing Procedures for Civil and Criminal Cases ("CM/ECF system") that maintain the secrecy of the filed document. Nothing contained in this Order is intended to modify or limit in any way the current privacy and confidentiality provisions of this Court's CM/ECF system, as amended from time to time.

At trial or in any open hearing, the Producing Party may request that exhibits containing Confidential Information be submitted to the Court or otherwise maintained for purposes of the trial or hearing so as to maximize safeguards against disclosure of the Confidential Information. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any Confidential Information appropriately designated as such under the terms of this Order.

(c)    If, through inadvertence or otherwise, Confidential Information is filed with the Court without the appropriate notice, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

## 9.    Objection to Designation

Any party may challenge the designation of any document or information as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY. Within ten (10) days following receipt of any document(s) or information, the Receiving Party shall provide written notice that it objects to the designation of any

#35931 v

document(s) or information. The Receiving Party shall describe in writing with particularity why each challenged document, information, and/or group of documents and information (subject to the same challenge) should be re-designated. Thereafter, the Producing Party shall have ten (10) days to either agree to the request (in whole or in part) or explain why it refuses to do so. The parties shall confer in good faith to resolve any such disagreements. If no agreement is reached, the Producing Party may, within ten (10) days following the conference of counsel, move for an order that the disclosure be afforded the designation initially sought. If no such motion is made in such time, the Producing Party shall be deemed to have approved the re-designation of the document(s) or information as having neither CONFIDENTIAL nor CONFIDENTIAL - OUTSIDE ATTORNEYS ONLY designation(s). This Court shall determine any unresolved disputes using the same standards as if the designating party had applied for a protective order under the Federal Rules of Civil Procedure and related law. During the pendency of the dispute, the Information shall be afforded the higher level of protection being asserted.

**10.    Disclosure**

(a)    *Due Care*. The recipient of any Confidential Information entitled to protection under the terms of this Order shall exercise due and proper care with respect to storage, custody, and use of all such Confidential Information to ensure that access is limited to the persons authorized under this Order.

(b)    *Inadvertent Disclosure*. If, through inadvertence, the Producing Party provides any material containing Confidential Information during the course of this Action without designating the material as set forth in Section 3 *supra*, the Producing Party may subsequently inform the Receiving Party in writing of the confidential nature of the material, specify the designation that should be applied to

#35931 v

the material and provide the Receiving Party with appropriately designated materials. The Receiving Party shall thereafter treat the disclosed material in accordance with this Order to the extent that the Receiving Party has not already disclosed the material. If the Receiving Party disclosed undesignated Confidential Information to a party or person retained by the party, the Receiving Party shall promptly retrieve and redesignate all Confidential Information and have the party or person retained by the party execute the Undertaking. If the Receiving Party disclosed undesignated Confidential Information to a third party not entitled to receive such Information or access thereto under the terms of this Order, the Receiving Party shall request that the third party return the Confidential Information and execute the Undertaking. If the third party returns the Confidential Information and executes the Undertaking, the Receiving Party shall inform the Producing Party of the same. If the third party fails to either return the Confidential Information or to execute the Undertaking, the Receiving Party shall inform the Producing Party of the same, and shall provide the Producing Party with the identity of the third party and the Confidential Information disclosed. The Producing Party will thereafter bear the burden of taking any further action vis-à-vis the third party regarding the Confidential Information. Disclosure of such undesignated Confidential Information prior to the later designation shall not be deemed a violation of this Order.

(c)  *Required Disclosure.* If Confidential Information in the possession, custody or control of a Receiving Party is sought by subpoena, request for production of documents, interrogatory, or any other form of discovery request or compulsive process, including any form of discovery request or compulsive process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory

#35931 v

process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall: (i) by the fifth business day after receipt thereof, or the earliest practicable date thereafter, give written notice of such process or discovery request, together with a copy thereof, to counsel for the Producing Party, and (ii) not make production or disclosure of such confidential information earlier than the fifth business day prior to the noticed date of production, so as to permit the Producing Party an opportunity to obtain appropriate judicial relief. The Producing Party seeking to protect the Confidential Information from disclosure shall bear all the burdens and expenses of obtaining appropriate judicial relief. Nothing in this order relieves a party of its obligation timely to comply with a subpoena or court order.

(d)     *Unauthorized Disclosure*. If Confidential Information is disclosed to any person or entity other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately: (1) notify in writing the Producing Party of the disclosure and all pertinent facts relating to such disclosures; (2) use its best efforts to retrieve all copies of the Confidential Information; (3) request that the person(s) or entity(ies) to whom the disclosure was made execute the Undertaking as described in Section 8 *supra*; and (4) without prejudice to other rights and remedies of any party, shall make every effort to prevent further disclosure.

**11.     Limitation on Use and Survival**

(a)     Any Confidential Information made available during the course of this Action shall be used solely for the purposes of this Action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever including, but not limited to, use in connection with the prosecution, drafting, or filing of the ~~Recieving~~ Receiving Party or ~~Receiving~~

Receiving Party's affiliates' patent applications. Notwithstanding the foregoing, this Protective Order shall not bar or otherwise restrict any attorney designated in 5(a) and 6(a) from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying generally upon the attorney's examination of documents or information containing Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the specific Confidential Information contrary to the terms of this Stipulate Protective Order or other applicable court order.

(b)     Confidential Information shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for this Action. All such copies, reproductions, summarizations, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

(c)     This Order shall remain in force and effect until modified, superseded, or terminated by the Court or by agreement of the parties with the approval of the Court. All obligations and duties arising under this Order shall survive the termination of this Action and this Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

## 12.     Producing Party's Use

Nothing in this Order shall limit any party in the use of its own documents, things, or information for any purpose or from disclosing its own Confidential Information to any person. Nothing in this Order shall prevent the Producing Party

#35931 v

from consenting in writing to the use or disclosure of its own Confidential Information by the Receiving Party.

**13.   Independent Source**

This Order does not prohibit the use or disclosure of Information obtained from an independent source even if such material is designated as Confidential Information under this Order. However, the specific materials provided by the Producing Party shall be maintained as designated under the terms of this Order. The restrictions on use and disclosure set forth in this Order shall not apply to information that, prior to being obtained by the Receiving Party pursuant to this Order, either is in the possession or knowledge of the Receiving Party or is demonstrably public knowledge.

**14.   Return or destruction**

Within ninety (90) days after final termination of this Action, including termination of all appellate proceedings, counsel of record for each of the parties shall return to the Producing party, or certify in writing the destruction of, all tangible Confidential Information; except that counsel of record for each party may retain one archival copy of each such document, subject to the terms and conditions of this Order, to maintain a complete file of the litigation for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product.

**15.   Additional Parties**

In the event that additional persons or entities become parties to this Action, they shall not have access to Confidential Information until this Order has been amended, with the Court's approval, to govern such additional persons or entities.

**16.   Protection of Third Parties**

#35931 v

An entity that is not a party to this Action may take advantage of the protection of Confidential Information provided by this Order in producing documents or information pursuant to this Action and receive all rights and protections afforded the parties under this Order.

**17.    No Prejudice to Move for or Oppose Additional Protections**

Entry of this Stipulated Protective Order is without prejudice to a producing party seeking further protection of information being produced, including, but not limited to, an order requiring that no person who gains access to such information shall participate in any manner in the prosecution, drafting, or filing of patent applications of any kind.  Entry of this Stipulated Protective Order is without prejudice to a receiving party to oppose such a motion.  Furthermore, the burden on such a protective order motion will not be affected by the parties' agreement to this Stipulated Protective Order.  Neither party will argue that the other has waived or altered its right to seek additional protections by agreeing to this Stipulated Protective Order or that it faces a higher burden in seeking protections as a result of this Stipulated Protective Order."

SIGNATURES APPEAR ON FOLLOWING PAGE

Presented By:


s/_____          s/_____
Daniel M. Cislo, Esq.               Michael M. Carlson, Esq.
Sean D. O'Brien, Esq.               James Doroshow, Esq.
CISLO THOMAS LLP                    LINER YANKELEVITZ SUNSHINE &
1333 2nd Street, Suite 500          REGENSTREIF LLP
Santa Monica, CA 90401              199 Freemont Street, 20th Floor
T:  310.451.0647                    San Francisco, CA 94105
F:  310.394.4477                    T:  415.489.7700
                                    F:  415.489.7701

Lawrence D. Graham, Esq.
David A. Lowe, Esq.                 Attorneys for Amfil Technologies,
Douglas A. Grady, Esq.              Inc.
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA  98104
T:  206.381.3300
F:  206.381.3301


Attorneys for Ozone International,
LLC

                                    s/_____
                                    Robin Zukin, Esq.
                                    KUTAK ROCK
                                    515 South Figueroa Street
                                    Los Angeles, CA 90071
                                    F: 213.312.4000
                                    Attorney for Daniel W. Lynn

**ORDERED** this __6th___ day of __March_____, 2008.


                        _____/s/_____
                        Honorable Jacqueline Chooljian
                        United States Magistrate Judge

#35931 v

**UNDERTAKING**

I acknowledge that I, _____ (Name),

of _____ (Place and

Position of Employment), am about to receive Confidential Information supplied

by _____ (party). I certify that I understand that

such Confidential Information will be provided to me pursuant to the terms and

restrictions of the PROTECTIVE ORDER of _____, 2007, in

*OZONE INTERNATIONAL, LLC, Plaintiff, v. AMFIL TECHNOLOGIES, INC.*,

Civil Action No. CV07-07578 (C.D. Calif., J. Walter), in the U.S. District Court

for the Central District of California. I further represent that I have received a copy

of and have read and understand that PROTECTIVE ORDER, and that I agree to

comply with and to be bound by all of its applicable terms. I also understand that

documents and/or information having any confidential designation, and all copies,

summaries, notes and other records that may be made regarding such documents

and/or information, shall be disclosed to no one other than persons qualified under

the PROTECTIVE ORDER to have access to such information. I further declare

and agree that I will not during the pendency of this Action (including any appeals

or retrials), become employed by, consult with, or otherwise provide advice to the

Receiving Party in any capacity other than for this litigation.  I further understand

that the Confidential Information provided to me shall be returned to counsel who

provided the information to me, in accordance with the PROTECTIVE ORDER.

I understand that these promises are conditions precedent to my receipt of

any such information.   I understand and acknowledge that violation of this

Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of

#35931 v

Court.  I hereby submit to the United States District Court for the Central District of California for the purpose of enforcing the terms of this Agreement.

_____     _____
Date                        Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF SERVICE

I certify that on _____ ____, 2008, a copy of the [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION was served via electronic mail and first class mail to the following attorney of record:

Michael M. Carlson
LINER YANKELEVITZ SUNSHINE & REGENSTREIF
199 Freemont Street, 20th Floor
San Francisco, CA 94105
T: 415.489.7700
F: 415.489.7701
mcarlson@linerlaw.com

James E. Doroshow
LINER YANKELEVITZ SUNSHINE & REGENSTREIF
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
T: 310.500.3500
F: 310.500.3501
jdoroshow@linerlaw.com

Robin Zukin, Esq.
KUTAK ROCK
515 South Figueroa Street
Los Angeles, CA 90071
F: 213.312.4000
robin.zukin@kutakrock.com

EXECUTED on _____ ____, 2008.

_____

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

#35931 v